FILED
FEB 1 6 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE LEWIS<br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. dba WELLS FARGO HOME MORTGAGE<br><br>    Defendant. | Case No. 16-4026<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF ACTION

1. Plaintiff Jacqueline Lewis ("Plaintiff") brings this action against Defendant Wells Fargo Bank, N.A. dba Wells Fargo Home Mortgage ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district and Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims*, 132 S.Ct. at 745.

5. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

6. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3). Damages may be trebled where the conduct is willful or knowing. *Id.*

## PARTIES

7. Plaintiff is a natural person.

8. Defendant is an entity headquartered in the State of California who at all relevant times was conducting business in the State of South Dakota.

## FACTUAL ALLEGATIONS

9. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

10. Defendant is a banking and financial services company that asserts Plaintiff owes money in relation to a home mortgage (the "Debt").

11. The Debt does not belong to Plaintiff, but instead to someone who had once lived in the same house and with the same last name as Plaintiff.

12. Plaintiff never provided Defendant with her wireless number in connection with the Debt.

13. Defendant placed multiple calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and approximate times:

   1) August 17, 2015 at 4:35 P.M.;
   2) August 17, 2015 at 9:15 A.M.;
   3) August 16, 2015 at 4:24 P.M.;
   4) August 15, 2015 at 3:54 P.M.;

5) August 15, 2015 at 8:45 A.M.;
6) August 14, 2015 at 4:33 P.M.;
7) August 14, 2015 at 9:29 A.M.;
8) August 13, 2015 at 8:52 P.M.;
9) August 11, 2015 at 8:36 P.M.;
10) August 11, 2015 at 8:21 A.M.;
11) August 10, 2015 at 8:26 P.M.;
12) August 10, 2015 at 5:39 P.M.;
13) August 10, 2015 at 12:41 P.M.;
14) August 9, 2015 at 4:44 P.M.;
15) August 8, 2015 at 5:30 P.M.;
16) August 8, 2015 at 3:00 P.M.;
17) August 8, 2015 at 9:11 A.M.;
18) August 7, 2015 at 6:39 P.M.;
19) August 7, 2015 at 2:39 P.M.;
20) August 7, 2015 at 9:44 A. M.;
21) August 6, 2015 at 4:08 P.M.;
22) August 6, 2015 at 10:52 A.M.;
23) August 6, 2015 at 8:21 A.M.;
24) August 5, 2015 at 8:31 P.M.;
25) August 5, 2015 at 3:58 P.M.;
26) August 5, 2015 at 8:45 A.M.;
27) August 4, 2015 at 8:25 P.M.;
28) August 4, 2015 at 6:59 P.M.;
29) August 4, 2015 at 12:42 P.M.;
30) August 4, 2015 at 8:33 A.M.;
31) August 3, 2015 at 7:18 P.M.;
32) August 3, 2015 at 4:20 P.M.;
33) August 2, 2015 at 4:42 P.M.;
34) August 2, 2015 at 11:31 A.M.;
35) August 1, 2015 at 4:46 P.M.;
36) August 1, 2015 at 12:40 P.M.;
37) July 30, 2015 at 5:35 P.M.;
38) July 30, 2015 at 2:55 P.M.;
39) July 30, 2015 at 1:00 P.M.;
40) July 30, 2015 at 8:40 A.M.;
41) July 29, 2015 at 3:38 P.M.;
42) July 29, 2015 at 1:45 P.M.;
43) July 29, 2015 at 9:01 A.M.;
44) July 28, 2015 at 7:32 P.M.;
45) July 28, 2015 at 4:52 P.M.;
46) July 28, 2015 at 2:35 P.M.;
47) July 28, 2015 at 9:38 A.M.;
48) July 27, 2015 at 7:27 P.M.;
49) July 26, 2015 at 3:26 P.M.;
50) July 26, 2015 at 12:11 P.M.;

51) July 25, 2015 at 11:58 A.M.;
52) July 23, 2015 at 7:28 P.M.;
53) July 23, 2015 at 4:05 P.M.;
54) July 23, 2015 at 9:40 A.M.;
55) July 22, 2015 at 9:42 A.M.
56) July 21, 2015 at 5:53 P.M.;
57) July 21, 2015 at 3:23 P.M.;
58) July 21, 2015 at 8:57 A.M.;
59) July 20, 2015 at 4:42 P.M.;
60) July 19, 2015 at 2:40 P.M.;
61) July 18, 2015 at 3:49 P.M.

14. During the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

15. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system ("ATDS").

16. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's wireless number.

18. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

19. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

20. Upon information and belief, Defendant had knowledge that it was using an ATDS and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

21. Upon information and belief, Defendant intended to use an ATDS and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

22. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. The TCPA prohibits all calls made to a phone number assigned to a wireless handset using an ATDS or an artificial or prerecorded voice, except for calls made for emergency purposes or made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's wireless number using an ATDS and/or an artificial or pre-recorded voice.

26. Defendant willfully and/or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because it intended to place such calls using an ATDS and/or an artificial or pre-recorded voice even though it knew it was calling Plaintiff's wireless number without her consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

   c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

   d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: 2/16, 2016

Respectfully submitted,

By: _____
JD Haas, Esq.
JD Haas and Associates, PLLC
9801 Dupont Ave. South, Suite 430
Bloomington, MN 55431
Telephone:  (952) 345-1025
Facsimile:  (952) 854-1665
Email: jdhaas@consumerlawinfo.com

Co-counsel with Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
tclg@conusmerlawinfo.com